J-S43021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GAREY THOMAS, | |
| Appellant | No. 87 MDA 2016 |

Appeal from the PCRA Order entered December 18, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division, at No(s): CP-36-CR-0001553-1984

BEFORE:  GANTMAN, P.J., PANELLA J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED JUNE 30, 2016**

Garey Thomas ("Appellant") appeals from the order denying as untimely his latest petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury found Appellant guilty of first-degree murder on March 14, 1985. On May 28, 1987, the trial court sentenced Appellant to a mandatory term of life imprisonment. Appellant filed a timely appeal to this Court. We affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Thomas*, 554 A.2d 1045 (Pa. Super. 1988) (Table), *appeal denied*, 553 A.2d 967 (Pa. 1988). Appellant filed a *pro se* PCRA petition on May 30, 1990, and the PCRA court appointed counsel. Appellant submitted a *pro se* amended petition on July 9, 1990, and PCRA counsel filed a memorandum of law on

Appellant's behalf. Following an evidentiary hearing, the PCRA court denied post-conviction relief on July 21, 1992. Appellant did not file an appeal.

On May 23, 2012, Appellant filed a second *pro se* PCRA petition, and the PCRA court again appointed counsel. PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court issued notice of its intent to dismiss without a hearing, agreeing with PCRA counsel's conclusion that Appellant's petition was untimely. The PCRA court also granted counsel's petition to withdraw. Appellant filed a timely *pro se* appeal to this Court. In an unpublished memorandum filed on July 23, 2014, we agreed that Appellant's second petition was untimely, and that he failed to prove any exception to the PCRA's time-bar. **See Commonwealth v. Thomas**, 105 A.3d 799 (Pa. Super. 2014) (Table). Appellant did not seek further review.

On August 17, 2015, Appellant filed the petition at issue. Although entitled both a petition for writ of *habeas corpus* and PCRA petition, the PCRA court correctly treated it as a serial PCRA petition. **See Commonwealth v. Peterkin**, 722 A.2d 638, 639 n.1 (Pa. 1998) (stating that the PCRA subsumes other post-conviction remedies). Yet again, the

PCRA court appointed counsel.[1] On October 30, 2015, PCRA counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Turner/Finley**, **supra**. On November 19, 2015, the PCRA court issued notice of its intent to dismiss without a hearing and granted PCRA counsel's motion to withdraw. Appellant filed a response on November 30, 2015. By order entered December 18, 2015, the PCRA court dismissed Appellant's petition. This timely *pro se* appeal follows.

When, as here, a defendant was convicted prior to the effective date of the 1995 time-bar amendments to the PCRA, a petitioner could timely file a PCRA petition if it was his or her first, and was filed by January 16, 1997. **See Commonwealth v. Sneed**, 45 A.3d 1096, 1102 n.5 (Pa. 2012). Appellant's latest petition, his third, is filed almost two decades too late. Thus, Appellant could only file a timely petition by asserting one of three timeliness exceptions. Those exceptions involve interference by government officials, newly-discovered facts that were unknown to the petitioner and could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Moreover, any claim arguing an exception to the PCRA's time-bar must be

---

[1] "In a second or subsequent petition, the court shall appoint counsel for an indigent defendant only if an evidentiary hearing is required under Rule 908." Thomas M. Place, *The Post Conviction Relief Act*, *Practice & Procedure*, § 6.03[4][a] (11 ed.).

filed within sixty days of the date it could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

According to Appellant, his latest PCRA petition is timely because he is raising a claim that he received an illegal sentence in light of the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). In ***Alleyne***, the high court held that any fact that increased the mandatory minimum sentence for a crime is an element thereof, which must be submitted to a jury and found beyond a reasonable doubt.

Unfortunately for Appellant, this claim is devoid of merit for several reasons. For one, ***Alleyne*** has no application to his mandatory life sentence imposed for first-degree murder. Even if relevant, Appellant's claim would still fail because he did not file his petition within sixty days of the of the 2013 ***Alleyne*** decision. ***See*** 42 Pa.C.S.A. § 9545(b)(2). And this Court has *repeatedly* held that ***Alleyne*** has not been held to apply retroactively to cases such as Appellant's, in which the judgment of sentence became final prior to the ***Alleyne*** decision. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Thus, for all of these reasons, we affirm the PCRA court's order dismissing Appellant's serial PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2016